## North Chicago St. R. R. Co. v. Mary E. Irwin, Executrix.

1. NEGLIGENCE—*Running North-Bound Car on South-Bound Track.*—Where a company, contrary to its usual custom, runs a north-bound car on the west or south-bound track, and uses no more caution than when running in the customary manner, it is guilty of negligence.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Mr. Justice ADAMS, dissenting. Opinion filed November 13, 1902.

On March 1, 1895, the deceased was riding a bicycle north on Clark street at about eleven-thirty at night and going to his home. At that point there was a double track upon Clark street and the road was paved inside the tracks and between the tracks; while on the outside of the street car tracks, dirt and snow and ice made it practically impassable for bicycles.

The street car company operated its cars by running north-bound cable cars on the east track and south-bound cars on the west track. The deceased, Irwin, was familiar with the street, and had often ridden his bicycle over it.

The company was in the habit of running two cars per day in a contrary direction from that which they had established for the operation of the road—that is, were in the habit of running two cars north on the west or south-bound track. This was done in taking the Sheffield avenue cars back to the barn at about midnight, when there was but little travel upon the street.

On the evening in question the deceased, Frank Irwin, was riding his wheel north between the tracks. An electric car going to the barn was running north behind him and following him at the rate of twelve miles an hour upon the south-bound track. The motorman saw the bicycler in front of him between the tracks. He rang his bell to give him warning. Thereupon Irwin, the deceased, without looking back, turned slightly to the right, away from the track on which the car was running, and then turned almost directly to the left, straight to the west upon the track on which the electric car was running, and almost immediately in front of it, for the purpose of getting over to the roadway between the rails of the west track. He was almost instantly struck and fatally injured by the car.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

ALTGELD, DARROW & THOMPSON and GEORGE A. DUPUY, attorneys for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

The motorman was guilty of negligence. He knew that of the hundreds of trains that passed over these tracks each day, the north-bound trains, with but two exceptions, and they occurring in the middle of the night, traveled upon the east track. He knew that he was driving his car

north along the west track at so high a rate of speed that he was rapidly overtaking a man on a bicycle riding north in the space between the tracks.   He must be held to know that that man had a right to ride between the rails of either track or on the space between the tracks, subject to the right of passage of cars on either track.   Desiring to pass the rider without slacking his speed, he rang his gong. What did that tell the rider?   In part it said, "A car is coming north.   Get out of the way."   To one who knew the custom of the road to run its north-bound cars on the east track, and did not know the exception as to these two midnight cars—and there is evidence from which the jury could find that the deceased knew of the custom, and no direct evidence that he knew of the exception—it also said, "Get away from the east track, for that is the one upon which this car is coming."   The bell was not a sufficient warning.   The rider should have been notified in some way that the car was on the west track, so that he might remain in the space between the tracks, if that was sufficiently wide for his safety, or swing over into the east track; or that in approaching him the speed of the car should have been slackened to nearly that of the rider, so that he might be fully warned of his danger.   None of these things was done, and as a result this experienced rider was crushed to death.

If this reasoning is correct, it follows that the omission of the deceased to look behind him before he swung over to the west track, was not a lack of due care for his own safety.

There is no reversible error in the admission of evidence. Nor is there substantial error in either of the two given instructions of which appellant complains.

The judgment of the Superior Court is affirmed.

ADAMS, J.—I can not concur in the decision of this appeal as indicated in the foregoing opinion.